UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEERTE M. FRENKEN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER PERRY HUNTER,<br><br>Defendant. | Case No. 17-cv-03125-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 41 |

Pending before the Court is Defendant Christopher Perry Hunter's motion for summary judgment. Dkt. No. 41 ("Mot."). Defendant initially filed his motion on August 18, 2017, seeking to dismiss Plaintiff Geerte Freeken's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Id.*; *see also* Dkt. No. 11, ("Compl."). On August 21, 2017, Plaintiff filed an opposition, including an "application to strike" Defendant's motion. Dkt. No. 48 ("Opp."). On September 8, 2017, Defendant replied to Plaintiff's opposition and application to strike. Dkt. Nos. 63 ("Reply"), 65.

On September 28, 2017, the Court heard oral argument on the motion. At the hearing, the Court notified the parties of its intent to convert Defendant's dismissal motion into a motion for summary judgment. Dkt. No. 68.[1] The Court has reviewed the parties' additional materials, and

---

[1] Plaintiff's complaint and Defendant's motion rely on publicly filed court documents that are outside the pleadings. *See* Dkt. Nos. 11, 42 (requesting judicial notice of those documents). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Garaux v. Pulley*, 739 F.2d 437, 437 (1984) (holding that pro se litigants must be given "explicit notice" of the district court's intent to convert a Rule 12(b)(6) motion into a motion for summary judgment). The Court accordingly **GRANTS** Defendant's request for judicial notice of the court orders cited in the complaint and motion. *See* Dkt. Nos. 11, 42; *Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (finding judicial notice

finds that it can consider the motion for summary judgment on the papers. *See id.*; Dkt. Nos. 69, 70. The Court **GRANTS** Defendant's motion.

## I. BACKGROUND

On May 31, 2017, Plaintiff, proceeding pro se, asserted three causes of action under the Hague Convention on Civil Aspects of International Child Abduction of 1980 ("the Convention") and 42 U.S.C. § 11603(b) of the Internal Child Abduction Remedies Act ("ICARA") for: (1) return of her minor child ("Child") from the United States to the Netherlands, (2) preliminary injunction preventing Defendant from removing Child from the Court's jurisdiction, and (3) monetary damages to recover expenditures necessitated by Defendant's allegedly wrongful detention of Child. Compl. ¶¶ 1, 6–30.

The basic facts are not in dispute. Plaintiff is the mother and Defendant is the uncle of Child. *Id.* ¶¶ 8–9. Child was born in 2004, in Lihue, Kauai. *Id.* ¶ 7, Ex. B. Child's father, David John Hunter ("Father"), is now deceased. *Id.* ¶¶ 10. Plaintiff is a citizen of the Netherlands, Child is a citizen of both the United States and the Netherlands, and Father was a resident of California. *Id.* ¶¶ 8–12.

On April 10, 2006, Plaintiff filed for divorce from Father in the Superior Court of California, Nevada County. Compl., Ex. L ¶ 5. Pursuant to a stipulation and order by that court for custody and/or visitation of children, Plaintiff and Father agreed Plaintiff could move to Texas with Child on or after June 1, 2006. *Id.* On June 21, 2010, the Nevada County Superior Court entered an order awarding the parties joint custody of Child, stating that Child's "habitual residence" was the United States. Dkt. No. 41-3 ("Reiter Decl."), Ex. A.

In 2012, Plaintiff took Child to the Netherlands without Father's consent. Reiter Decl. ¶ 7. Plaintiff did not respond to Father's requests for Plaintiff to return Child. *Id.* ¶ 8. In July 2013, Father initiated legal proceedings in a district court in the Netherlands, asserting claims under the Convention. *Id.* On July 23, 2013, the Dutch district court ruled that Child must be returned to the United States by no later than August 9, 2013. *Id.*, Reiter Decl., Ex. B. at 2 (certified

---

appropriate where the documents are publicly available and not subject to reasonable dispute).

2

translation). Plaintiff appealed. *Id.* The Dutch appellate court upheld the lower court's decision and ordered the return of Child "to the place of her habitual residence in the United States of America" no later than September 7, 2013. Reiter Decl. ¶ 9, Ex. B at 6.

Dutch authorities located Plaintiff with Child in the Netherlands on or about April 22, 2014. Reiter Decl. ¶ 11. Father, who was in the Netherlands at that time, returned with Child to the United States. *Id.* After Child returned to the United States, Father obtained "sole and physical custody" over Child pursuant to an order of the Marin County Superior Court. *Id.* ¶ 12; Compl., Ex. L ¶ 11. The Marin County Superior Court issued that order on November 4, 2014. Reiter Decl. ¶ 12. On December 16, 2014, the Marin County Superior Court entered a subsequent order stating in pertinent part that: "The minor's country of habitual residence is California [sic]." Reiter Decl., Ex. C. On August 1, 2016, the Marin County Superior Court issued another order stating that Father and Child resided in California, and that "[t]he United States is the country of habitual residence of the child." Reiter Decl. ¶ 14, Ex. D.

Father died on April 30, 2017. Reiter Decl. ¶ 15. On May 1, 2017, Child filed a petition in Marin County Superior Court to appoint Defendant as her guardian. *Id.* ¶ 16. Plaintiff opposed the petition. *Id.* ¶ 18; Compl., Ex. L. The Marin County Superior Court appointed Defendant as Child's temporary guardian on May 4, 2017. *Id.* ¶ 20; Compl., Ex. E. Child has been domiciled in Marin County, California from April 22, 2014 to at least the time that Plaintiff filed her complaint on May 31, 2017. Compl. ¶ 11.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* The Court views the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations,"

3

*Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

The moving party bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex Corp.*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts enter summary judgment in favor of the movant. *Celotex Corp.*, 477 U.S. at 323.

## III. DISCUSSION

The Convention seeks to deter international child abductions by removing the primary motivation: forum shopping in custody disputes. *Mozes v. Mozes*, 239 F.3d 1067, 1070 (9th Cir. 2001). Accordingly, "when a child who was habitually residing in one signatory state is

4

wrongfully removed to, or retained in, another, Article 12 provides that the latter state 'shall order the return of the child forthwith.'" *Id.* To trigger this obligation, the removal or retention must be wrongful under Article 3. *Id.* The removal or retention is considered wrongful where:

> a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
> b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

Convention, Art. 3, 19 I.L.M. 1501, 1501 (1980).

In assessing the propriety of removal or retention under Article 3, the Court asks four questions:

> (1) When did the removal or retention at issue take place? (2) Immediately prior to the removal or retention, in which state was the child habitually resident? (3) Did the removal or retention breach the rights of custody attributed to the petitioner under the law of habitual residence? (4) Was the petitioner exercising those rights at the time of the removal or retention?

*Mozes*, 239 F.3d at 1070. Determination of "habitual residence" is "perhaps the most important inquiry under the Convention." *Murphy v. Sloan*, 764 F.3d 1144, 1150 (9th Cir. 2014) (quotation marks omitted). Indeed, an adverse finding regarding habitual residence is dispositive of the petition. *See id.* at 1147, 1076 (affirming district court's denial of petition to return child to Ireland because child was a habitual resident of the United States). In identifying a child's habitual residence, the Court looks for the last "shared, settled intent of the parents and then asks whether there has been sufficient acclimatization of the child to trump this intent." *Id.* at 1150.

Plaintiff's claims fail under the four-step framework set forth in *Mozes*. According to Plaintiff, Defendant wrongfully retained child on May 1, 2017. Compl. ¶ 12. There is no dispute that Child was a habitual resident of California prior to that date. Plaintiff admits in her complaint that Child has resided in California since April 22, 2014. *Id.* ¶ 11. In her opposition, Plaintiff acknowledges that she and Father "<u>agreed</u>" in 2014 that Father would be Child's primary caregiver "in the State of California." Opp. at 4 (emphasis in original). Notably, courts on four different occasions—in both the United States and the Netherlands—have found Child to be a habitual resident of the United States. *See* Reiter Decl. ¶¶ 9, 13-14, Ex. B–D. And the Marin

5

1    County Superior Court found specifically that California is Child's habitual residence. Reiter
2    Decl. ¶ 13, Ex. C. As Defendant points out, *see* Mot. at 5, Plaintiff's complaint not only fails to
3    allege that Child's habitual residence is the Netherlands, but also attaches documents compelling a
4    contrary conclusion.

5    Under *Mozes*'s third step, the Court applies California law to determine whether
Defendant's retention of Child breached Plaintiff's rights. It did not. Pursuant to the Marin
County Superior Court's order, Father had sole custody of child as of November 4, 2014. Reiter
Decl. ¶ 12; Compl., Ex. L, ¶ 13. Following Father's death on April 30, 2017, the Marin County
Superior Court appointed Defendant as Child's temporary guardian. *Id.* ¶ 20; Compl., Ex. E. That
appointment occurred on May 4, 2016. *Id.* Plaintiff fails to identify any facts or authority that
would disturb that appointment. *See* Mot. at 5. Though Plaintiff asserts that custody of Child
reverted to Plaintiff upon Father's death, she cites no applicable authority supporting her position.
*See* Opp. at 4, 6–7. Rather, Plaintiff relies on two California state court decisions, decided
respectively in 1928 and 1986, that pertain broadly to transfers of custody. *See id.* Neither case
discusses the Convention or ICARA. Plaintiff's reliance on the Fourth and Fourteenth
Amendments is similarly unavailing; the Ninth Circuit has repeatedly stated that a district court
"has authority to determine the merits of an abduction claim, but *not the merits of the underlying custody claim.*" *See, e.g.*, *Shalit v. Coppe*, 182 F.3d 1124, 1128 (9th Cir. 1999) (emphasis in original). Thus, "[t]he court is to determine only whether the removal or retention of a child was wrongful under the law of the child's habitual residence, and if so, to order the return of the child to the place of habitual residence for the court there to decide the merits of the custody dispute, unless the alleged abductor can establish one of a few defenses." *Id.* (internal quotation omitted). Pursuant to the Marin County Superior Court's custody and guardianship orders, Plaintiff has not shown that her custody rights have been breached.

Plaintiff asserts, without any citation, that a May 2, 2017 order of the Marin County Superior Court vacated all other orders of that court. Opp. at 7. It is unclear what order Plaintiff is referring to, and what other orders she claims were vacated. Setting aside this ambiguity, the Marin County Superior Court's subsequent May 4, 2017 order, appointing Defendant as Child's

guardian, is sufficient to establish the lawfulness of Defendant's retention.

Finally, the Court **DENIES** Plaintiff's motion to strike. *See id.* at 10. As the basis for her motion, Plaintiff asserts that "Defendant offers no arguments to this Court that hold any merits whatsoever." *Id.* For the reasons already set forth, the Court disagrees with Plaintiff's representation.

## IV. CONCLUSION

Defendant has met his burden to show that there is no genuine dispute of material fact as to Defendant's lawful retention of Child. The Court therefore **GRANTS** Defendant's motion. The clerk is directed to enter judgment in accordance with this order in favor of Defendant, and to close the case.

**IT IS SO ORDERED.**

Dated: 3/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge