United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEERTE M. FRENKEN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER PERRY HUNTER,<br><br>Defendant. | Case No. 17-cv-03125-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 75 |

On April 13, 2018, Plaintiff Geerte Frenken moved for reconsideration of the Court's order granting summary judgment in favor of Defendant Christopher Perry Hunter. Dkt. Nos. 75-1 ("Mot."); *see also* Dkt. No. 72 ("Order").[1] Specifically, Plaintiff requests that the Court reconsider its Order under Federal Rules of Civil Procedure ("Rule(s)") 60(b)(1), 60(b)(3), and 60(b)(6). Defendant filed an opposition to the motion on April 27, 2018. Dkt. No. 76 ("Opp."). After carefully considering the parties' arguments, the Court **DENIES** Plaintiff's motion.[2]

## I. LEGAL STANDARD

Rule 60(b) allows courts to relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is

---

[1] In its Order, the Court detailed this action's factual and legal background. The Court incorporates those unchanged facts and analysis here. In this order, the Court only discusses the facts and legal standards as necessary to address the new issues raised in Plaintiff's Rule 60(b) motion.
[2] This matter is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b).

based on an earlier judgment that has been reversed or vacated; or
applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). Rule 60(b)(6) is read as "exclusive of the preceding clauses," and is reserved "for extraordinary circumstances." *Id.* (quotations omitted).

## II.    DISCUSSION

Plaintiff seeks reconsideration on two overlapping grounds. First, Plaintiff claims that reconsideration under Rule 60(b)(1) and 60(b)(6) is appropriate because the Court erroneously relied on false statements by Defendant's counsel, failed to consider several documents in the record, and cited distinguishable case law. Mot. at 4–6. Second and similarly, Plaintiff argues that relief is appropriate under Rule 60(b)(3) because defense counsel obtained the Court's summary judgment ruling by making fraudulent representations. *Id.*

The Court disagrees. Turning first to Plaintiff's allegations of fraud, Plaintiff identifies three supposedly false statements from defense counsel's declaration: (1) Plaintiff took Child to the Netherlands without Father's consent, Mot. at 2–3; (2) Father obtained sole physical custody over Child in November 2014, Mot. at 3; and (3) the Marin County Superior Court found that California is Child's habitual residence. Mot. at 3–4. None of these statements warrant Rule 60(b) relief. With respect to whether Father consented to Plaintiff's trip with Child to the Netherlands, the documents cited by Plaintiff do not controvert the statement made by defense counsel. *See* Order at 2; Dkt. No. 41-3 ("Reiter Decl.") ¶ 7. Plaintiff's documents state, in sum, that Plaintiff was not <u>legally</u> required to obtain Father's <u>written consent</u> to travel with Child to the Netherlands; rather, Plaintiff needed only to notify Father. *See* Mot. at 2–3. These documents do not show that defense counsel made a false statement by representing that Father did not, in fact, consent to this trip.

In addition, this statement was not dispositive of the Court's Order. As the Court stated in

2

1    its Order, the key issue before the Court was Child's place of habitual residence.  Order at 5–6.  In

2    finding that that Child's habitual residence was the United States, the Court cited four other court

3    decisions so stating, and documents that Plaintiff attached to her own complaint.  *See id.*  That

4    Plaintiff informed Father of her travel with Child to the Netherlands did not then determine and

5    does not now alter the Court's habitual residence finding.  As a result, Plaintiff cannot show under

6    Rule 60(b)(1) that the Court mistakenly or erroneusly relied on this statement.  Furthermore, even

7    assuming that this statement was false, it does not create the kind of gross injustice that compels

8    departing from res judicata principles under Rule 60(b)(3).  *See Appling v. State Farm Mut. Auto.*

9    *Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (holding that an action under Rule 60(b) to "to set

10   aside a judgment for fraud on the court is 'reserved for those cases of injustices which, in certain

11   instances, are deemed sufficiently gross to demand a departure from rigid adherence to the

12   doctrine of res judicata'" (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998)); *In re*

13   *Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) (finding "fraud on the court" where the court itself

14   relied on the allegedly false statements in a prior holding);  *In re Anand v. China Int'l Tr. & Inv.*

15   *Corp.*, 926 F.2d 912, 917 (9th Cir. 1991) (explaining that "the inquiry as to whether a judgment

16   should be set aside for fraud upon the court under Rule 60(b) focuses not so much in terms of

17   whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged

18   fraud harms the integrity of the judicial process").

19        Plaintiff also fails to present clear and convincing evidence of fraud with respect to the

20   other two allegedly false statements that she identifies.  To begin, the truth of these statements is

21   supported by documents that Plaintiff attaches to her own filings.  For instance, Exhibit 3 of

22   Plaintiff's Rule 60(b) motion contains the Marin County Superior Court's post-hearing findings

23   and order, which state that Father "shall have sole legal and physical custody of the minor."  Dkt.

24   No. 75-3 at 2; *see* Order at 3; Dkt. No. 11-12 ¶ 11.  Likewise, the Marin County Superior Court's

25   habitual residency findings are supported by documents in the record.  Dkt. No. 41-3, Exs. C, D.

26   Contrary to Plaintiff's suggestion, Mot. at 6, the Marin County Superior Court did not later vacate

27   its December 2014 and August 2016 findings that Child's habitual residence is the United States.

28   *See id.*  Rather, in May 2017, the Marin County Superior Court declined to continue asserting

3

1   jurisdiction over Plaintiff's custody claim in her divorce case because Child had commenced a

2   parallel guardianship proceeding in California probate court. *See* Dkt. No. 11 ("Compl."), Ex. G

3   at 4. As stated in the Court's Order, Defendant was subsequently appointed Child's guardian in

4   that proceeding. *See* Order at 3.

5       More broadly, Plaintiff's attempt to rehash earlier stages of this litigation fails. Plaintiff

6   could have raised her fraud allegations in opposing Defendant's summary judgment motion. She

7   did not. As other courts in this district have stated, Rule 60(b)(1) is not intended to give parties a

8   "'second bite of the apple'. . . to submit additional argument or evidence that was available at the

9   time of the original filing." *In re Exodus Commc'ns, Inc. Sec. Litig.*, No. C-01-2661 MMC, 2006

10  WL 3050829, at *2 (N.D. Cal. Oct. 26, 2006) (collecting cases, and observing that "in cases in

11  which relief under Rule 60(b)(1) has been found to be available or potentially available, the

12  moving party typically has failed to meet a filing deadline, thus losing all opportunity to be

13  heard").

14      Plaintiff's other claims of judicial error are without merit. According to Plaintiff, the

15  Court did not cite the correct cases and documents. *See* Mot. at 4–5. Plaintiff already presented

16  these facts and authorities to the Court, and the Court did not find them persuasive.[3] Plaintiff does

17  not argue that she was previously unable to present these arguments; nor does she offer any newly-

18  discovered evidence. Plaintiff consequently fails to identify grounds for reconsideration under

19  Rule 60(b)(1) and Rule 60(b)(3), or some other grounds for vacating the Order under Rule

20  60(b)(6). *See Lafarge Conseils Et Etudes, S.A.*, 791 F.2d at 1338. The Court finds no reason to

21  disturb its prior Order.

22  //

23  //

24  //

25  //

26

27  _____

28  [3] For instance, a document that Plaintiff now portrays as a custody declaration by a court in the
    Netherlands is actually a professor's opinion of Dutch law. *See* Mot. at 5–6 (citing Compl., Ex.
    F).

4

**III.    CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated:  5/2/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28